# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 888 | **DATE** | 4/26/2004 |
| **CASE TITLE** | UNITED STATES ex rel. BRIAN DANIELS vs. EUGENE McADORY | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] The petition for a writ of *habeas corpus* [1-1] is denied. ENTER MEMORANDUM OPINION AND ORDER.

*Suzanne B. Conlon*

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | APR 27 2004 | 13 |
| | Docketing to mail notices. | | date docketed | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 4/26/2004 | |
| CB | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | PW mailing deputy initials | |

UNITED STATES OF AMERICA, *ex rel.*   )
BRIAN DANIELS, a/k/a BRIAN TRIPLETT,   )
              )   No. 04 C 888
       Plaintiff,    )
              )   Suzanne B. Conlon, Judge
   v.            )
              )
EUGENE McADORY,      )
              )
       Defendant.    )

## MEMORANDUM OPINION AND ORDER

Brian Daniels, a/k/a Brian Triplett, ("Daniels") was convicted for the Christmas Eve 1981 murder of Edward Knight. Daniels' conviction was based on eyewitness testimony of a then ten year old boy, Caston Rollins. Rollins testified he saw Daniels directing a group of six boys breaking into Knight's house. Almost 20 years later, Daniels filed a state petition for post-conviction relief because Rollins recanted his trial testimony. Rollins attested that he never saw Daniels in front of Knight's house. Daniel's state post-conviction appeals having been denied, he petitions for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254.

## PROCEDURAL HISTORY

After a state bench trial in 1984, Daniels was convicted of three counts of murder, burglary and home invasion. He was sentenced to 30 years in prison for the murders and 25 years for the home invasion, to be served consecutively. Pet at 2; Pet. Ex. 7 at 2. The Illinois Appellate Court affirmed his conviction for the murder of Edward Knight, reversed and vacated two other murder convictions and remanded the case to the trial court for clarification of the *mittimus* as to the consecutive nature of the murder sentence. *Id.* The record does not indicate what occurred in

1

subsequent proceedings. In any case, Daniels did not seek leave to appeal to the Illinois Supreme Court.

Daniels filed for state post-conviction relief on October 27, 1999.[1] After an evidentiary hearing, the trial court denied Daniels' post-conviction petition. The Illinois Appellate Court affirmed. Pet. Ex. 7. The Illinois Supreme Court denied leave to appeal. Pet. Ex. 8. Daniels filed this petition for writ of *habeas corpus* approximately one year later, on February 4, 2004. He alleges he is entitled to relief because: (1) his conviction was based on the perjured testimony of a 12 year old boy; (2) the state improperly failed to turn over impeachment evidence against the key witness; (3) trial counsel's failed to call alibi witnesses in violation of his Sixth Amendment right to effective assistance of counsel; and, (4) the cumulative effect of these trial errors violated Daniel's right to due process. In lieu of answering Daniels' petition on the merits, the state moves to dismiss the petition as time-barred.

## BACKGROUND

Daniels' petition depends on credibility assessments. The crucial issue is whether the recantation testimony of the state's key witness is more reliable than the testimony the witness gave at trial as a 12 year-old boy in 1984. Because the details of the 1984 trial are undisputed, the court adopts the Illinois Appellate Court's summary of those facts. 28 U.S.C. § 2254(e)(1).

Daniels was convicted for the 1981 murder of Edward Knight at a bench trial. His conviction was based on the eyewitness and identification testimony of a then 12 year old boy, Caston Rollins. Rollins testified that at 7:00 a.m. on Christmas Eve, he left his home to deliver newspapers with his

---

[1] Initially, Daniels filed his state petition *pro se*. In November 1999, Jenner & Block, LLP came to Daniels' aid. Daniels is ably represented by C. John Koch and Brian Hansen of that firm in these proceedings.

friend, Frank Reml. Pet. Ex. 7 at 3. It was the first time he went on Reml's route. *Id.* As Rollins and Reml approached the corner of 54th place and Hoyne Avenue, Rollins noticed six boys standing outside Knight's house. *Id.* Rollins recognized the faces of several of the boys from the neighborhood, including Daniels. *Id.* Rollins testified that Daniels was giving orders to the other boys. One of the boys Rollins recognized as Jo-Jo was sent to the rear of the house with wirecutters. *Id.* The boys then entered the home using a crowbar. *Id.* Rollins testified that Daniels stayed outside, functioning as a lookout in the back of the house. *Id.* About ten minutes later, the boys exited Knight's house and dispersed. Jo-Jo ran by Rollins carrying a television set. He told Rollins not to tell the police where he obtained the set. *Id.*

Daniels' attorney cross-examined Rollins about the circumstances surrounding his identification of Daniels at the scene and in subsequent conversations with Chicago Police Detectives. Pet. Ex. 4 at c145-157, c174-181 (trial transcript). Rollins was questioned about his incomplete and possibly contradictory description of the boys surrounding the house. *Id.* at c 145-157. Daniels' attorney explored his theory that Rollins' identification was tainted by police detectives. Rollins admitted police detectives took him away from home to a candy store for questioning and to show him photographs of potential suspects. *Id.* at 174-181. The state never disclosed that Rollins had been arrested for burglary 17 days before testifying at Daniels' trial. Pet. Ex. 1, R. Vol. 1, 81.

Fifteen years later, on June 25, 1999, Rollins recanted his trial testimony. Pet. Ex. 2. He stated that he was contacted by Daniels' representatives that year, and that this prompted him to come forward. *Id.* Rollins attested that he did not see Daniels outside the Knight home on the morning of December 24, 1981, and that his false trial testimony was the product of police and prosecutorial coercion. *Id.*

3

## DISCUSSION

**1.     Timeliness of Daniels' Petition**

Under § 2244(d)(1)(D), Daniels' petition was due one year after "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." The parties disagree on the application of § 2244(d)(1)(D) to Daniels' petition. The state contends Daniels waited too long to file his petition after he became aware of Rollins' recantation. The state takes the position that the one-year period commenced the day Daniels discovered the factual predicate of his recantation claim: Rollins' affidavit. Rollins executed his affidavit June 25, 1999. Daniels filed his state post-conviction petition on October 27, 1999. Under the state's interpretation, the statute ran for 169 days. Once Daniels filed his state post-conviction petition, the statute was tolled pursuant to § 2244(d)(2). The statute began to run again after the Illinois Supreme Court denied Daniels' petition for leave to appeal on February 5, 2003. Accordingly, when Daniels filed his § 2254 petition 364 days later on February 4, 2004, it was untimely. Daniels argues this interpretation of § 2244(d)(1)(D) is flawed. He asserts that the one-year period began when the state courts rejected his post-conviction petition on February 5, 2003 – the day his claims were primed for federal *habeas* review.

Essentially, Daniels contends the factual predicate for his *habeas* claim was not uncovered until his post-conviction petition was rejected by the state court because his federal *habeas* claim requires a showing that the state court's decision was an unreasonable determination of the facts. In support of his position, Daniels cites a decision of this court considering a similar issue, *Surrat v. Boyd*, No. 99 C 7750, 2000 WL 748138, at *3 (N.D. Ill. 2000). In *Surrat*, the court addressed the conviction of a prisoner who exhausted the direct appeal process prior to enactment of the AEDPA on April 24, 1996. *Id.* at *2. The state argued that Surrat's petition, subject to § 2244(d)(2)'s tolling

4

provisions, was due in federal court one year later. *Id.* The court found otherwise, ruling that:

> Since April 1996, part of the basis of a valid federal *habeas corpus* claim has been a showing that the state court's decision on the petitioner's claim was based on an unreasonable determination of the facts in light of the evidence presented or was contrary to clearly established federal law as determined by the Supreme Court.

*Id.* at *3 (italics added). According to the court, Surrat was incapable of discovering the factual basis for his claims until the state court rejected his post-conviction petition. *Id.*

*Surrat* was decided without the benefit of subsequent Seventh Circuit authority. A state court decision is not a factual predicate for Daniels' claims; it is a procedural requirement determining the claims' eligibility for consideration by a federal court. *See Brackett v. United States*, 270 F.3d 60, 68 (1st Cir. 2001) (distinguishing "basic, primary, or historical facts" from "court decisions" in the context of § 2255(4), a parallel provision to § 2244(d)(1)(D)); *accord Johnson v. United States*, 340 F.3d 1219 (11th Cir. 2003); *but see United States v. Gadsen*, 332 F.3d 224 (4th Cir. 2003). Although it has not considered this particular application of § 2244(d)(1)(D), the Seventh Circuit has clearly expressed that the natural operation of the provision turns on evidentiary facts or events, not court rulings or legal consequences of the facts. *Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000). *Owens* held that § 2244(d)(1)(D) is an equitable tolling provision subject to an objective trigger: time begins when the prisoner could have discovered the important facts underlying his claim. *Id.* Under Daniels' interpretation, the one-year limitation period would depend on a much different objective trigger: the conclusion of state post-conviction review. His attempt to paste an expansive judicial gloss on the meaning of "factual predicate" would render the factual discovery limitation meaningless, substantially increasing the number of potentially stale claims the state must defend. *Compare Owens*, 235 F.3d at 359, *with Surrat*, 2000 WL 748138 at *3. The plain language of § 2244(d)(1)(D) compels this court to find that Daniels' one-year period to file his federal *habeas*

5

petition began the day Rollins executed his affidavit.[2] Accordingly, Daniels' claims based on Rollins' recantation testimony are untimely.

Daniels argues that a determination that he was dilatory in presenting some of his claims is not dispositive because in considering the timeliness of a *habeas* petition, courts are directed to contemplate the application as a whole, not individual claims. *Walker v.* Crosby, 341 F.3d 1240, 1244-45 (11th Cir. 2003); *see also Artuz v. Bennett*, 531 U.S. 4, 9-10, 121 S. Ct. 361 (2000) (distinguishing particular claims from application). The court considers Daniels' petition in light of his last discovered claims. *Id.*

Daniels contends his *Brady* claim is timely because he was unaware of Rollins' burglary arrest until Rollins informed his post-conviction attorneys on September 26, 2000. Pet. Ex. B, Ashley Decl. However, the § 2244(d)(1)(D) limitation period begins when the petitioner *could* have learned of the factual basis for his claim; due diligence is required. *Owens*, 235 F.3d at 359. Although Daniels did not allege *Brady* claims until 2000, he first alleged Rollins' testimony was the product of coercion at his original trial in 1984. Pet. Ex. 4 at c174. Daniels argues that his incarceration and the limited availability of information regarding Rollins' arrest excuses his late discovery. However, the record does not suggest, nor does Daniels allege, that Rollins stone-walled Daniels. Indeed, Rollins' affidavit states that his testimony was the product of both police and prosecutorial coercion. Pet. Ex. 2. Daniels' claim accrued when he had putative knowledge of the pertinent facts, not after he collected evidence and affidavits supporting the facts. *Flanagan v. Johnson*, 154 F.3d 196, 198-99 (5th Cir. 1998). Given Rollins' willingness in 1999 to cooperate

---

[2]This court's reading of Seventh Circuit authority is buttressed by the Fifth Circuit's decision in *Ybanez v. Johnson*, 204 F.3d 645, 646 (5th Cir. 2000), holding that the asserted erroneous state court's disposition of a state *habeas* application was not a factual predicate for purposes of § 2244(d)(1)(D).

with Daniels' defense, due diligence could have uncovered Rollins' arrest history. *Tate v. Pierson*, 177 F. Supp.2d 792, 800 (N.D. Ill. 2001), *aff'd*, 52 Fed. Appx. 302, 2002 WL 31688938 (7th Cir. Nov. 25, 2002) (unpublished decision), *cert. denied*, 538 U.S. 965 (2003). Daniels *could* have learned of Rollins' arrest as early as June 25, 1999.

Daniels contends the late discovery of the facts underlying his claim the state knowingly used perjury renders his petition timely. To begin with, Daniels does not clearly identify this claim in his petition. He merely asserts his conviction relied on perjured testimony. Even if the court assumes the petition asserts this claim, the allegation would rest on the same factual predicate as his due process and *Brady* claims: Rollins' recantation. Because Daniels' perjury claim is based on Rollins' recantation, Daniels fails to demonstrate that he was incapable of discovering the factual predicate of his claim until he amended his state petition in 2000. *Tate*, 177 F. Supp.2d at 800.

## 2.    Equitable Tolling

Daniels argues that even if his petition is untimely, the limitation period should be equitably tolled because he is actually innocent, he was prevented from filing his state petition in a timely manner for fear of losing good time credit, and because the state waived its procedural defenses by filing its response to the *habeas* petition 25 days late. First, failure to comply with the one-year period of limitations fixed by § 2244(d)(1) is not excused by claims of actual innocence. *Flanders v. Graves*, 299 F.3d 974, 977 (8th Cir. 2002); *Barnes v. Briley*, 295 F. Supp.2d 931, 937 (N.D. Ill. 2003). Nor is Daniels' fear of losing good time credit an external impediment that precluded timely filing of the petition. *Modrowski v. Mote*, 322 F.3d 965, 967 (7th Cir. 2003) ("Equitable tolling excuses an untimely filing when extraordinary circumstances far beyond the litigant's control . . . prevented timely filing"). Daniels overlooks the fact that even if his fear explains the delay in filing his *state* petition, it does not explain why he waited a year after the Illinois Supreme Court denied

7

leave to appeal before filing his *federal* petition. Finally, the court finds that precluding the state from asserting that Daniels' claims are time-barred is an inappropriate sanction for the state's tardiness in responding to the petition. Barring presentation of procedural defenses and forcing the state to defend stale claims is a disproportionate sanction for failing to file a timely response. *See Bleitner v. Welborn,* 15 F.3d 652, 653-54 (7th Cir. 1994).

## CONCLUSION

Daniels became aware of the factual predicates for his claims the day Rollins executed an affidavit recanting his identification testimony at Daniels' trial: June 25, 1999. Under § 2244(d)(1), the time for filing a *habeas* petition in federal court expired one year later. He filed his state petition 169 days later on October 27, 1999. Although the statute was tolled while Daniels' application was pending in state court, the statute ran again beginning on February 6, 2003, the day after litigation on the post-conviction petition ended in state court. Daniels' failure to file this § 2254 application until February 4, 2004 after the total elapse of 533 days means his claims are time-barred. Accordingly, the petition for writ of *habeas corpus* must be denied.

April 26, 2004

ENTER:

Suzanne B. Conlon
United States District Judge

8